IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SCOUT 5 PROPERTIES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:21-cv-00231-JRG-RSP |
| | § | |
| ACADIA INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Remand, filed by Plaintiff Scout 5 Properties, LLC. Dkt. No. 5. Plaintiff moves the Court to remand this case to state court for lack of jurisdiction. The Motion is **GRANTED**.

**I.      BACKGROUND**

Plaintiff is the owner of a Texas Commercial Insurance Policy issued by Defendant Acadia Insurance Company[1]. Dkt. No. 3 at 2–3.[2] Plaintiff's insurance policy is alleged to cover perils including storm damage and water intrusion damage. *Id*. On April 12, 2020, Plaintiff experienced a storm that resulted in damage to the property allegedly covered by the issued policy. *Id*. at 4. Jeffrey L. Miller[3] was assigned to adjust Plaintiff's insurance claim. Plaintiff alleges Mr. Miller "was an agent and representative of Acadia in regard to Plaintiff's insurance claim." *Id*. Mr. Miller adjusted Plaintiff's insurance claim and submitted it to the Defendant. *Id*. at 5–6.

On March 19, 2021, the Plaintiff filed this lawsuit in the Upshur County district court against the Defendant and Mr. Miller. *See generally id*. Plaintiff alleges Defendant and Mr. Miller

---

[1] Defendant is a corporation formed under the laws of Iowa with its principal place of business in Maine. Dkt. No. 1 ¶ 7. The Defendant's citizenship is diverse from the Plaintiff's.
[2] Citations are to document numbers and page numbers assigned through ECF.
[3] Mr. Miller is alleged to be a Texas citizen and Defendant has not contested the allegation. Dkt. No. 3 at 2. Mr. Miller is non-diverse from the Plaintiff.

violated the Texas Insurance Code ("TIC") as well as the Texas Deceptive Trade Practices Act ("DTPA"). *Id*. at 11–14.

As some point after this lawsuit was filed in state court, the Defendant "elected to accept whatever liability Miller may have relating to their claim and requested Plaintiff dismiss Miller." Dkt. No. 1-8 ¶ 3. In response to the Defendant's election, Plaintiff and Defendant met and conferred about the whether to dismiss Mr. Miller. *Id*. ¶ 4. Plaintiff agreed to voluntarily dismiss Mr. Miller if, and only if, the Defendant agreed not to remove the case to federal court. *Id*. Apparently, the Defendant did not agree to those terms and filed a motion to dismiss Mr. Miller from the suit. *See generally id*. The motion to dismiss was granted, Mr. Miller was dismissed, and the Defendant subsequently removed the lawsuit to this Court. Dkt. No. 1.

Plaintiff now moves the Court to remand this lawsuit to the Upshur County 115th Judicial District Court.

## II.  LEGAL STANDARDS

### A.  Removal

> (b) Removal Based on Diversity of Citizenship.—
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. 1441 (b).

When a defendant removes the action to "the district court, they [bear] the burden of establishing jurisdiction." *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). The "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). "In an action that has been

2

removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-cv-485-MAC, 2014 U.S. Dist. LEXIS 199056, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). Removal statutes should be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries*, L.P., 97 F.3d 100, 106 (5th Cir. 1996).

### B. Voluntary-Involuntary Rule

Removability "under §§ 1441 and 1446 is subject to a judge-made exception: 'where the case is not removable because of joinder of defendants,' only 'the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant' can convert a nonremovable case into a removable one." *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), *as revised* (Aug. 23, 2019) (alteration in original) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S. Ct. 237, 62 L. Ed. 713 (1918)). The voluntary-involuntary rule provides that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Id*. (internal quotations omitted) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).

### C. Improper Joinder

The voluntary-involuntary rule is itself subject to an exception—the improper joinder doctrine. *Hoyt*, 927 F.3d at 296. "The doctrine of improper joinder rests on . . . statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood*, 385 F.3d at 573. "If a court concludes the non-diverse party's joinder was improper, then the court disregards that party's citizenship. In effect, the resident defendant is held to have never properly been before the court." *Morgan v. Chubb Lloyds*

3

*Ins. Co.*, 4:21-cv-00100-P, 2021 WL 2102065, 2021 U.S. Dist. LEXIS 98423, *12 (N.D. Tex. May 25, 2021).

Improper joinder, sometimes called fraudulent joinder, may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). To show improper joinder under the second test, a defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might recover against an in-state defendant." *Id*.

### D. TIC § 542A.006

TIC § 542A.006 gives an insurance provider the option to assume legal responsibility for any acts or omissions of one of its agents. The relevant portions of the statute recite:

> (a) . . . in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
>
> (b) If an insurer makes an election . . . before a claimant files an action . . . no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.
>
> (c) If a claimant files an action . . . against an agent and the insurer thereafter makes an election . . . the court shall dismiss the action against the agent with prejudice. . . .
>
> . . .
>
> (e) An insurer's election under Subsection (a) is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omissions

Tex. Ins. Code § 542A.006(a)-(c), (e).

### III. ANALYSIS

There is no dispute that at the time of filing in state court the Defendant had not made a § 542.006 election. Dkt. No. 6 at 1–2. The Defendant does not dispute that at the time of filing Mr. Miller was a properly joined party nor dispute that, as alleged, there may have been a valid claim against Mr. Miller. *Id*. Rather, the only dispute that remains is whether the Defendant's post-suit § 542.006 election creates improper joinder such that removal would be proper, or whether the voluntary-involuntary rule applies.

The Fifth Circuit's recent *Hoyt* decision has caused confusion as to whether the Circuit significantly changed the improper joinder analysis. Namely, whether the Court should analyze improper joinder at the time of joinder (as is the traditional jurisprudence) or whether the district courts must assess improper joinder after a state court has "created" diversity. *See Hoyt*, 927 F.3d at 297. Since *Hoyt*, this same dispute has become the center of several cases throughout Texas. Some courts in Southern District of Texas seem to have agreed with the Defendant's contention.[4] The rest of the federal district courts in Texas (including others in the Southern District of Texas) have found no improper joinder.[5] This split has created considerable confusion and uncertainty.[6]

---

[4] *Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092 (S.D. Tex. 2020); *Valverde v. Maxum Cas. Ins. Co.*, No. 7:21-cv-00240-MA, 2021 WL 3885269, 2021 U.S. Dist. LEXIS 164575 (S.D. Tex. Aug. 31, 2021).

[5] *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 671 (S.D. Tex. 2020); *Morgan v. Chubb Lloyds Ins. Co.*, 4:21-cv-00100-P, 2021 WL 2102065, 2021 U.S. Dist. LEXIS 98423 (N.D. Tex. May 25, 2021); *Green v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:21-cv-120-Z, 2021 WL 4025801, 2021 U.S. Dist. LEXIS 170899 (N.D. Tex. Aug. 26, 2021); *Eichner-Fisher v. Liberty Mut. Ins. Co.*, No. SA:20-cv-263-FB-HJB, 2020 WL 10056217 (W.D. Tex. Aug. 19, 2020), *report and recommendation adopted*, No. CV SA:20-cv-263-FB, 2020 WL 10056297 (W.D. Tex. Nov. 30, 2020); *Bar-B-Que Depot, Inc. v. Mesa Underwriters Specialty Ins. Co.*, No. 1:19-cv-625-MAC-KFG, 2020 WL 5536010, 2020 U.S. Dist. LEXIS 169374 (E.D. Tex. Aug. 11, 2020), *report and recommendation adopted*, No. 1:19-cv-625-MAC, 2020 WL 5534654 (E.D. Tex. Sept. 14, 2020); *Altom v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-cv-615-RWS-KPJ, 2020 WL 810856 (E.D. Tex. Jan. 27, 2020), *report and recommendation adopted*, No. 4:19-cv-615-RWS, 2020 WL 805204 (E.D. Tex. Feb. 18, 2020).

[6] Courts all over Texas have offered differing perspectives as to what exactly controls the improper joinder analysis, what is the policy undergirding it, and what guideposts should courts use when undertaking the analysis. The Court will confine its analysis to the arguments presented by the parties, rather than needlessly wade into the fray.

*Compare Valverde*, 2021 WL 3885269 at *9–10 *with Shenavari*, 448 F. Supp. 3d at 667. The split can be characterized as:

> One line of decisions concludes that a § 542.006 election made after a lawsuit commences but before removal renders the in state adjuster improperly joined because the election, which requires that the adjuster be dismissed with prejudice, precludes any recovery against the adjuster. The other line of decisions concludes that the touchstone of the improper joinder inquiry is whether parties were improperly joined at the time of joinder, and thus that an insurer's § 542.006 election after a lawsuit has commenced does not by itself establish improper joinder.

*Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 671 (S.D. Tex. 2020) (internal citations omitted) (collecting cases).

The Eastern District of Texas has adopted the latter approach. *See Altom*, 2020 WL 810856 at *4–5; *Stephens*, 2019 WL 109395 at *5, *7; *Bar-B-Que Depot, Inc.*, 2020 U.S. Dist. LEXIS 169374 at *12–13 (accepting and distinguishing *Stephens*). This Court agrees that the relevant time to consider improper joinder is at the time of joinder itself, thus, a post-suit § 542.006 election does not satisfy the test for improper joinder.

A. **Jurisdictional Analysis is at the Time of Joinder**

The proper time to assess improper joinder is at the moment of joinder, in this case the filing date of the lawsuit. *See Smallwood*, 385 F.3d at 573 ("the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case."); *see also River of Life Assembly of God v. Church Mutual Ins. Co.*, No. 1:19-cv-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019) ("[Defendant's] argument that [the nondiverse party] is improperly joined based solely on its Section 542A.006 election misunderstands the doctrine of improper joinder, which is fundamentally about joinder.... The focus must remain on whether the nondiverse party was properly joined when joined.").

As discussed above, Defendant does not argue Mr. Miller was fraudulently added to this lawsuit for the purposes of defeating diversity. It is also agreed that Mr. Miller was dismissed from the lawsuit through a ruling from the state court—which the Plaintiff opposed—and that the Plaintiff did not seek to appeal the state court's decision. It is the alleged non-appealability of the state court's dismissal of Mr. Miller that Defendant argues should cause this Court to change its jurisdiction analysis. Dkt. No. 6 at 3 (citing *Hoyt*, 927 F.3d at 295). Defendant contends that "the Fifth Circuit held that '[w]hen a state court order creates diversity, and that order cannot be reversed on appeal, [Fifth Circuit] precedent treats the voluntary-involuntary rule as inapplicable.'" *Id*. (quoting *Hoyt*, 927 F.3d at 295).

Most federal Texas district courts (in particular the Eastern District) have rejected this argument. *See Altom*, 2020 WL 810856 at *4–5. Courts in this district have stated:

> Whether a non-diverse defendant is improperly joined is a binary question; the defendant is either a proper party when joined to suit or the defendant is an improper party when joined to the suit. . . . It does not follow that a non-diverse defendant that is initially properly joined may become initially improperly joined. Again, the focus must be on the joinder.
> . . .
> Simply put, if an insurer elects to accept full responsibility of an agent/adjuster after the insured commences action in state court, the insurer must prove that the non-diverse adjuster is improperly joined for reasons independent of the election made under Section 542A.006 of the Texas Insurance Code.

*Stephens*, 2019 WL 109395 at *5, *7. This case is on all fours with *Stephens* and *Altom*. As those courts have stated and the Fifth Circuit has discussed, the proper time to evaluate improper joinder is at the time of joinder. *Id*.; *Smallwood*, 385 F.3d at 573. Therefore, the voluntary-involuntary doctrine demands the case be remanded since neither the Defendant's § 542.006 election nor the state court's order dismissing Mr. Miller were voluntary acts of the Plaintiff. Further, the Defendant has failed to show that Mr. Miller was improperly joined. *Hoyt* does not change this analysis.

### B. The *Hoyt* Case

Defendant's argument that *Hoyt* created for a "seismic shift on [] removal analysis" is misplaced, the holding in *Hoyt* is far more limited than the Defendant asserts.

In *Hoyt*, the plaintiffs sued a number of defendants in state court. *Hoyt*, 927 F.3d at 291. The defendants C.E.N. Concrete Co. ("CEN") and Storm Water Management, Inc. ("Storm") were diverse, while defendant Lane Construction Corporation ("Lane") was non-diverse. *Id*. Lane removed the case after the state court granted summary judgment in favor of CEN; Storm was later voluntarily dismissed. *Id*. The Fifth Circuit affirmed the finding that Storm was improperly joined because the district court found bad faith. Thus, Storm's joinder in the lawsuit was not considered in the jurisdictional analysis. *Id*. at 292–93. The Fifth Circuit then turned to whether the voluntary-involuntary rule applied to the summary judgment dismissing CEN. The analysis of CEN is the principal support the Defendant relies upon to advance its removal arguments. *Hoyt*, 927 F.3d at 294. The Fifth Circuit held that CEN had been improperly joined as well, and again, CEN's joinder was not considered in the removal analysis. *Id*. at 297. Furthermore, the Fifth Circuit "held that, since there was no chance that C.E.N. could be brought back into the case . . . the plaintiffs' inability to establish a cause of action against C.E.N. rendered the voluntary-involuntary rule inapplicable." *Valverde*, 2021 U.S. Dist. LEXIS 164575 at *16 (citing *Hoyt*, 927 F.3d at 297 n.4).

Defendant attempts to decontextualize a phrase in the CEN analysis to support a much broader proposition than the Fifth Circuit contemplated. The relevant phrase (emphasized below) and the surrounding context is reproduced below:

> **When a state court order creates diversity jurisdiction and that order cannot be reversed on appeal, our precedent treats the voluntary-involuntary rule as inapplicable.** *See Crockett*, 436 F.3d at 533 ("[R]emoval on the basis of an unappealed severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule."); 14C Charles Alan Wright et al., Federal Practice & Procedure § 3723 (Rev. 4th ed. 2019) (explaining

8

> *Crockett* "makes sense because there is no risk of reversal of an unappealed severance order"). In light of the district court's now-unchallengeable ruling that the state court's dismissal of C.E.N. could not be reversed on appeal, we are compelled to conclude C.E.N. was improperly joined. As a result, the voluntary-involuntary rule did not bar Lane from removing the case to federal court. Therefore, the district court did not err in denying the Hoyts' second motion to remand.

*Hoyt*, 927 F.3d at 297 (bold emphasis added) (footnote omitted). The context of the emphasized sentence is important because it clearly shows that Defendant is misinterpreting the Fifth Circuit. Defendant attempts to stretch the relevant sentence so broadly that courts would completely change their removal and voluntary-involuntary rule analysis. The Defendant is mistaken. Closer analysis reveals that the *Crockett* citation relied upon by the Circuit elucidates the meaning of the relevant sentence. The *Crockett* citation reveals that the subject Fifth Circuit was discussing is related to unappealed (or unappealable) misjoinder, not removal analysis more broadly. The Fifth Circuit was making the point that when a ***misjoinder*** determination is unappealed (or unappealable) that the diversity of the misjoined defendant is not considered for purposes of the voluntary-involuntary rule. In this case there is no misjoinder ruling from the state court, only that Mr. Miller was dismissed, so *Hoyt* is not particularly relevant to this Court's jurisdiction analysis.

That is to say that the sentence the Defendant relies upon deals with specific procedural features of state court misjoinder rulings and how district courts should evaluate this in its jurisdiction analysis—not a "seismic shift on [] removal analysis . . . ." Dkt. No. 6 at 3.

### IV.   CONCLUSION

Accordingly, the Motion is **GRANTED**. The case is **REMANDED** to the 115th Judicial District Court of Upshur County, Texas.

**SIGNED this 31st day of October, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE